JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOSEPH CULLEY

**DEFENDANTS**

MSC INDUSTRIAL SUPPLY CO., INC., MSC INDUSTRIAL SUPPLY CO.; MSC INDUSTRIAL DIRECT CO., INC. AND SID TOOL CO., INC.

**(b)** County of Residence of First Listed Plaintiff    DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    SUFFOLK
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lane J. Schiff, Esquire
Console Mattiacci Law, LLC 1525 Locust Street, 9th Floor, Philadelphia, PA 19102  215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & ☐ 367 Health Care/ |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Pharmaceutical Personal Injury |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability ☐ 368 Asbestos Personal ☐ 340 Marine    Injury Product ☐ 345 Marine Product    Liability | | ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability **PERSONAL PROPERTY** ☐ 350 Motor Vehicle ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury ☐ 385 Property Damage ☐ 362 Personal Injury -    Product Liability | ☐ 740 Railway Labor Act ☐ 751 Family and Medical | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| | Medical Malpractice | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment ☐ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | **IMMIGRATION** | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty Employment    **Other:** | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other Other ☐ 550 Civil Rights ☐ 448 Education ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 621 et seq. ("ADEA"), 43 P.S. § 951 et seq. ("PHRA").

Brief description of cause:
Plaintiff brings this action against his former employer for unlawful discrimination, retaliation and age discrimination.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
August 18, 2017

SIGNATURE OF ATTORNEY OF RECORD

Lane J. Schiff, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOSEPH CULLEY | : | CIVIL ACTION |
| Plaintiff, | : | |
| v | : | |
| MSC INDUSTRIAL SUPPLY CO., INC., MSC INDUSTRIAL SUPPLY, CO.; MSC INDUSTRIAL DIRECT CO., INC., AND SID TOOL CO., INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| AUGUST 17, 2017 | _Attorney-at-law_ | Lane J. Schiff, Esquire, Attorney for Joseph Culley |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 405-2964 | schiff@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT                    APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Glenolden, PA 19036**

Address of Defendant: **75 Maxess Road, Melvill, NY 11747**

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated
   action in this court?          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously
   terminated action in this court?          Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*                                B. *Diversity Jurisdiction Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts          1. ☐ Insurance Contract and Other Contracts
2. ☐ FELA                                                                   2. ☐ Airplane Personal Injury
3. ☐ Jones Act-Personal Injury                                             3. ☐ Assault, Defamation
4. ☐ Antitrust                                                             4. ☐ Marine Personal Injury
5. ☐ Patent                                                               5. ☐ Motor Vehicle Personal Injury
6. ☐ Labor-Management Relations                                           6. ☐ Other Personal Injury (Please specify)
7. ☒ Civil Rights                                                         7. ☐ Products Liability
8. ☐ Habeas Corpus                                                        8. ☐ Products Liability — Asbestos
9. ☐ Securities Act(s) Cases                                              9. ☐ All other Diversity Cases
10. ☐ Social Security Review Cases                                           (Please specify)
11. ☐ All other Federal Question Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, **Lane J. Schiff, Esquire** _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **August 18, 2017**                    _____          314179
                                             Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above.

DATE: **August 18, 2017**                    _____          _____
                                             Lane J. Schiff, Esquire            314179

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **JOSEPH CULLEY** | : | |
| Glenolden, PA 19036 | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MSC INDUSTRIAL SUPPLY CO., INC;** | : | |
| **MSC INDUSTRIAL SUPPLY, CO.;** | : | |
| **MSC INDUSTRIAL DIRECT CO., INC. and** | : | |
| **SID TOOL CO., INC.** | : | |
| | : | |
| **75 Maxess Road** | : | |
| **Melville, NY 11747** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendants.** | : | |

---

## CIVIL ACTION COMPLAINT

**I.    INTRODUCTION**

Plaintiff Joseph Culley ("Plaintiff") brings this action against his former employers, MSC Industrial Supply Co., Inc., MSC Industrial Supply, Co., MSC Industrial Direct Co., Inc., and Sid Tool Co., Inc. ("Defendants"), for unlawful discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"). Plaintiff seeks damages, including back-pay, front-pay, compensatory, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

## II.    PARTIES

1.      Plaintiff is an individual and a citizen of the Commonwealth of Pennsylvania.  He resides in Glenolden, Pennsylvania.

2.      At all times material hereto, Plaintiff primarily worked out of his home office in Glenolden, Pennsylvania.

3.      Defendant MSC Industrial Supply Co, Inc. is a corporation maintaining a place of business at 75 Maxess Road, Melville, NY, 11747.

4.      Defendant MSC Industrial Supply Co. is a corporation maintaining a place of business at 75 Maxess Road, Melville, NY, 11747.

5.      Defendant MSC Industrial Direct Co, Inc. is a corporation maintaining a place of business at 75 Maxess Road, Melville, NY, 11747.

6.      Defendant Sid Tool Co., Inc. is a corporation maintaining a place of business at 75 Maxess Road, Melville, NY, 11747.

7.      At all times material hereto, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine.  Upon information and belief, Defendants shared common management, had interrelated operations, collectively controlled Plaintiff's job duties and responsibilities, and collectively caused the actions complained of herein.

8.      At all times material hereto, Defendants employed more than twenty (20) employees.

9. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10. At all times material hereto, Defendants were employers within the meanings of the ADEA and PHRA.

11. At all times material hereto, Plaintiff was an employee within the meanings of the ADEA and PHRA.

## III. JURISDICTION AND VENUE

12. The causes of action that form the basis of this matter arise under the ADEA and PHRA.

13. The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. § 1331.

14. The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. § 1367.

15. Venue is proper in the District Court pursuant to 28 U.S.C. § 1391(b).

16. On or about January 28, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge"). Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

17. On or about February 25, 2016, Plaintiff filed a Second Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein ("Charge"). Attached hereto, incorporated herein,

3

and marked as Exhibit "B" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

18.     On or about May 22, 2016, the EEOC issued to Plaintiff a Notice of Right to Sue for the first Charge of Discrimination that was filed.  Attached hereto, incorporated herein, and marked as Exhibit "C" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

19.     On or about May 30, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue for the first Charge of Discrimination that was filed.  Attached hereto, incorporated herein, and marked as Exhibit "D" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

20.     Plaintiff is filing this complaint within ninety (90) days from his receipt of these notices.

21.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

22.     Plaintiff worked for Defendants from February 2006 until February 16, 2016, the date of his unlawful termination of employment.

23.     Plaintiff held the position of Outside Sales Associate.  Plaintiff consistently performed his job duties in a competent manner.

24.     Plaintiff was sixty-one (61) years of age at the time of his termination.

25.     Plaintiff reported to Don McMahon, Branch Sales Manager.  Mr. McMahon reported to Tom Meglin, Regional Sales Manager (approx. age 45).

26.     Defendants discriminated against Plaintiff because his age; such actions included

but were not limited to:

a) taking away Plaintiff's sales accounts and giving them to substantially younger employees.

b) giving Plaintiff an unjust corrective action notice with no the time limit and an unreasonable performance goal. Defendants did not similarly treat substantially younger employees.

c) telling Plaintiff that Plaintiff would not be taken off this corrective action notice, even if Plaintiff achieved the corrective action notice's unreasonable performance goals.

27.    In or about this time, numerous older employees were terminated by Defendants or pushed to resign. Defendants replaced these employees with substantially younger individuals.

28.    On or about January 8, 2016, Plaintiff complained to Defendants of age discrimination.

29.    Later that same day, Defendants issued Plaintiff an unwarranted, discriminatory and retaliatory "final" written warning.

30.    On January 28, 2016, Plaintiff filed a Charge of Discrimination complaining of age discrimination with the EEOC and cross-filed it with the PHRC.

31.    On February 1, 2016, Plaintiff sent copies of his Charge of Discrimination to Defendants.

32.    On February 16, 2016, Defendants terminated Plaintiff's employment.

33.    Plaintiff's age was a motivating and/or determinative factor in Defendants' treatment of him, including the decision to terminate his employment.

34.    Plaintiff's engaging in protected activity was a motivating and/or determinative

factor in Defendants' treatment of him, including the decision to issue him a final warning and terminate his employment.

35.    Defendants' stated reason for terminating Plaintiff was poor performance

36.    Defendants' stated reason for terminating Plaintiff was pretext for discrimination and retaliation.

37.    Nationally, for the most recent fiscal quarter preceding Plaintiff's termination, Plaintiff was ranked one-hundred and twenty-second (122nd) out of five-hundred and thirty-eight (538) Outside Sales Associates in sales performance.

38.    In Defendants' Northeast Region, for the most recent fiscal quarter preceding Plaintiff's termination, Plaintiff was ranked thirty-fifth (35th) out of one-hundred and forty-one (141) Outside Sales Associates in sales performance.

39.    In Plaintiff's sales market, for the most recent fiscal quarter preceding Plaintiff's termination, Plaintiff was ranked seventeenth (17th) out of fifty (50) Outside Sales Associates in sales performance.

40.    At the time of Plaintiff's termination, Plaintiff was the oldest Outside Sales Associate who reported to Mr. McMahon.

41.    Defendants have engaged in a pattern and practice of discriminating against older workers.

42.    As a direct and proximate result of Defendants' behavior, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional upset, and pain and suffering.

43.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

44.     Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

45.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the ADEA.

46.     Defendants' violations of the ADEA were intentional and willful, warranting the imposition of liquidated damages.

47.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein.

48.     Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

49.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

50.     Plaintiff incorporates herein by reference of the paragraphs above, as if set forth herein in their entirety.

51.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

52.     As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

53.     Plaintiff is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

54.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to Plaintiff:

a.    declaring the acts and practices complained of herein to be a violation of the ADEA;

b.    declaring the acts and practices complained of herein to be a violation of PHRA;

c.    enjoining and restraining permanently the violations alleged herein;

d.    awarding Plaintiff wages earned and owed to him;

e.    awarding Plaintiff back-pay;

f.    awarding Plaintiff front-pay;

g.    awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

h    awarding liquidated damages to Plaintiff pursuant to the ADEA;

i.    awarding Plaintiff the costs of this action;

j.    awarding Plaintiff interest;

k.    awarding Plaintiff attorneys' fees;

l.    awarding Plaintiff such other damages as are appropriate under the ADEA and PHRA; and

m.    granting such other and further relief as this Court deems appropriate.

CONSOLE MATTIACCI LAW, LLC

Date:  August 18, 2017                  By: _____

STEPHEN G. CONSOLE
LANE J. SCHIFF
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 545-8211 (facsimile)


Attorneys for Plaintiff,
Joseph Culley

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | FEPA<br>x EEOC | 530-2016-01541 |

STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission

| NAME (Indicate Mr., Ms., Mrs.)<br>Joseph Culley | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>Glenolden, PA 19036 | DATE OF BIRTH<br>1954 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>MSC Industrial Supply Co.<br><br>(See other Respondents on next page) | NUMBER OF EMPLOYEES<br>Over 500 | TELEPHONE (Include Area Code)<br>(516) 812-2000 |
|---|---|---|
| STREET ADDRESS<br>(Headquarters)<br>75 Maxess Road | CITY, STATE AND ZIP<br>Melville, New York 11747-3151 | COUNTY<br>Suffolk |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>Race   Color   Sex   Religion   National Origin<br>XX Retaliation   XX Age   Disability   Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br>Earliest                    Latest<br>                              Ongoing |
|---|---|

## THE PARTICULARS ARE:

**A.   1.   Relevant Work History**

In February 2006,[1] I was hired as Outside Sales Associate at Respondents, reporting to Don McMahon (55), Branch Sales Manager. Mr. McMahon reports to Tom Meglin (45), Regional Manager.

I worked primarily out of my home office in Glenolden, Pennsylvania, but reported to Respondents' office in New Castle, Delaware.

During my nearly ten (10) years of employment at Respondents, I have been a dedicated employee and performed my job duties in a competent manner.

| __X_ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY — (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>x _[signature]_<br>Date: _____   Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, Month, and year) |

[1]   All dates and ages contained herein are approximations.

**EEOC Charge of Discrimination**
**Page 3 of 4**
**Joseph Culley v. MSC Industrial Supply Co. et al.**

2.    **Summary of Harm**

Respondents discriminated against me because of my age (61) and retaliated against me for complaining of age discrimination. Evidence of Respondents' discrimination and retaliation includes, but is not limited to, the following:

a. Respondents have a pattern and practice of making age-biased employment decisions including, but not limited to, decisions relating to hiring, disciplinary actions, and terminations.

b. Respondents have a pattern and practice of using corrective action notices as a means of pressuring older employees to resign or retire from Respondents.

c. I am the oldest or one (1) of the oldest Outside Sales Associates who reports to Mr. McMahon.

d. Respondents have interfered with my ability to meet performance expectations by taking away my accounts and giving them to younger Outside Sales Associates.

e. In September 2014, I was given an unjust corrective action notice with an unreasonable performance goal, but I was taken off of that corrective action notice after meeting its unreasonable performance goal.

f. In August 2015, Respondents gave me an unjust corrective action notice with no time limit and an unreasonable performance goal.

g. I have been told that I will not be taken off of this corrective action notice, even if I achieve the corrective action notice's unreasonable performance goal.

h. On January 8, 2016, I complained to Respondents of age discrimination.

i. During a meeting later that day, Respondents unjustly gave me a final warning and told me that my employment would be terminated if I did not meet an unreasonable performance goal for the month of January 2016.

j. The stated reason for the corrective action notices and final warning was that I was not consistently meeting Respondents' unreasonable performance goal.

k. This stated reason is a pretext for age discrimination and retaliation for complaining about age discrimination.

l. Younger Outside Sales Associates have not been placed on corrective action notices and final warnings even though my performance is superior to theirs and I have more consistently met Respondents' unreasonable performance goal.

m. Nationally, for the first quarter of 2016, I am ranked one-hundred and twenty-second (122nd) out of five-hundred and thirty-eight (538) Outside Sales Associates, the overwhelming majority of whom are substantially younger than me.

n. In Respondents' Northeast Region, I am ranked thirty-fifth (35th) out of one-hundred and forty-one (141) Outside Sales Associates, the overwhelming majority of whom are substantially younger than me.

EEOC Charge of Discrimination
Page 4 of 4
Joseph Culley v. MSC Industrial Supply Co. et al.

o.  Within my particular market, I am ranked seventeenth (17th) out of fifty (50) Outside Sales Associates, the overwhelming majority of whom are substantially younger than me.

p.  I believe Respondents are pressuring me to leave my position or, alternatively, attempting to create a pretextual basis for terminating my employment.

B.    **Respondents' Stated Reasons**

a.  Respondents have provided me with no legitimate, non-discriminatory reason for subjecting me to a hostile work environment. Respondents subjected me to a hostile work environment based on my age and complaint of discrimination.

b.  Respondents' stated reason for placing me on the August 2015 corrective action was my performance. Respondents' stated reason is a pretext for Respondents' age discrimination.

c.  Respondents' stated reason for placing me on the January 8, 2016 final warning was my performance. Respondents' stated reason is a pretext for Respondents' age discrimination and retaliation for my complaint of discrimination.

C.    **Statutes and Basis for Allegations**

Respondents discriminated against me based on my age (61) in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; and the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951 et seq., as set forth herein.

D.    **CLASS CHARGE**

I bring this charge on a class action basis on behalf of all current and former employees and job applicants of Respondents who were over the age of forty (40) and have been subjected to age discrimination by Respondents in connection with hiring, termination of employment, disciplinary actions and/or any other adverse employment actions.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Joseph Culley v. MSC Industrial Supply Co., *et al.***

EEOC No. 530-2016-01541

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X___ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X _____   1/28/2016
     Signature and Date

____ I do not want my charge dual filed with PHRC

_____
     Signature and Date

# EXHIBIT B

| SECOND CHARGE OF DISCRIMINATION | AGENCY FEPA | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | x EEOC | 530-2016-01827 |

STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission

| NAME (Indicate **Mr.**, Ms., Mrs.) **Joseph Culley** | TELEPHONE NUMBER *(Include Area Code)* ▓▓▓▓▓▓▓ |
|---|---|

| STREET ADDRESS ▓▓▓▓▓▓▓ | CITY, STATE AND ZIP **Glenolden, PA 19036** | DATE OF BIRTH **1954** |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME **MSC Industrial Supply Co.** **(See other Respondents on next page)** | NUMBER OF EMPLOYEES **Over 500** | TELEPHONE *(Include Area Code)* **(516) 812-2000** |
|---|---|---|

| STREET ADDRESS **(Headquarters) 75 Maxess Road** | CITY, STATE AND ZIP **Melville, New York 11747-3151** | COUNTY **Suffolk** |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))* Race   Color   Sex   Religion   National Origin **XX** Retaliation   **XX** Age   Disability   Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE *Earliest*          *Latest* **February 16, 2016** |
|---|---|

## THE PARTICULARS ARE:

**A.   1.   Relevant Work History**

   In February 2006,[1] I was hired as Outside Sales Associate ("OSA") at Respondents. I remained in that role until my employment was terminated on February 16, 2016. In that role, I reported to Don McMahon (55), Branch Sales Manager. Mr. McMahon reported to Tom Meglin (45), Regional Manager.

   I worked primarily out of my home office in Glenolden, Pennsylvania, but reported to Respondents' office in New Castle, Delaware.

   During my approximately ten (10) years of employment at Respondents, I was a dedicated employee and performed my job duties in a competent manner.

| _X_ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY — (when necessary for State and Local Requirements) I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. x _~~Joseph Culley~~_____ Date: 2/17/2016   Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

---

[1]   All dates and ages contained herein are approximations.

**Second EEOC Charge of Discrimination**
**Page 2 of 5**
**Joseph Culley v. MSC Industrial Supply Co. et al.**

<u>Other Respondents</u>

**MSC Industrial Direct Co., Inc.**
75 Maxess Road
Melville, NY, 11747
(516) 812-2000
Over 500 employees

**Sid Tool Co., Inc.**
75 Maxess Road
Melville, NY 11747-3151
(516) 812-2000
Over 500 employees

RECEIVED
16 FEB 25  PM 4: 10

**Second EEOC Charge of Discrimination**
**Page 3 of 5**
**Joseph Culley v. MSC Industrial Supply Co. et al.**

2.      **Summary of Harm**

Respondents discriminated against me because of my age (61) and retaliated against me for complaining of age discrimination and retaliation. Evidence of Respondents' discrimination and retaliation includes, but is not limited to, the following:

a.  Respondents have a pattern and practice of making age-biased employment decisions including, but not limited to, decisions relating to hiring, disciplinary actions, and terminations.

b.  Respondents have a pattern and practice of using corrective action notices as a means of pressuring older employees to resign or retire from Respondents.

c.  I was the oldest or one (1) of the oldest OSAs who reported to Mr. McMahon.

d.  Respondents have interfered with my ability to meet performance expectations by taking away my accounts and giving them to younger OSAs.

e.  In September 2014, I was given an unjust corrective action notice with an unreasonable performance goal, but I was taken off of that corrective action notice after meeting its unreasonable performance goal.

f.  In August 2015, Respondents gave me an unjust corrective action notice with no time limit and an unreasonable performance goal.

g.  I was told that I would not be taken off of this corrective action notice, even if I achieved the corrective action notice's unreasonable performance goal.

h.  On January 8, 2016, I complained to Respondents of age discrimination.

i.  During a meeting later that day, Respondents unjustly gave me a final warning and told me that my employment would be terminated if I did not meet an unreasonable performance goal for the month of January 2016.

j.  The stated reason for the corrective action notices and final warning was that I was not consistently meeting Respondents' unreasonable performance goal.

k.  This stated reason is a pretext for age discrimination and retaliation for complaining about age discrimination.

l.  OSAs who are younger and/or did not complain of age discrimination have not been placed on corrective action notices and final warnings even though my performance is superior to theirs and I more consistently met Respondents' unreasonable performance goal.

m.  Nationally, for the first quarter of 2016, I was ranked one-hundred and twenty-second (122nd) out of five-hundred and thirty-eight (538) OSAs, the overwhelming majority of whom were substantially younger than me.

n.  In Respondents' Northeast Region, I was ranked thirty-fifth (35th) out of one-hundred and forty-one (141) OSAs, the overwhelming majority of whom were substantially younger than me.

RECEIVED 16 FEB 25 PM 4:19

**Second EEOC Charge of Discrimination**
**Page 4 of 5**
**Joseph Culley v. MSC Industrial Supply Co. et al.**

o.   Within my particular market, I was ranked seventeenth (17th) out of fifty (50) OSAs, the overwhelming majority of whom were substantially younger than me.

p.   On January 28, 2016, I filed my first Charge of Discrimination with the EEOC and cross-filed it with the PHRC ("First Charge"). My First Charge asserted claims of age discrimination and retaliation in violation of federal and state law.

q.   On February 1, 2016, I sent copies of my First Charge to Mr. McMahon, Mr. Meglin, and a representative from Respondents' Human Resources Department.

r.   Respondents have not provided me with a legitimate, non-discriminatory reason for subjecting me to a hostile work environment.

s.   On February 16, 2016, Respondents terminated my employment.

t.   Respondents have not provided me with a legitimate, non-discriminatory reason for terminating my employment.

u.   OSAs who were younger and/or did not complaint of age discrimination and/or retaliation have not been terminated, even though my performance was superior to theirs and I more consistently met Respondents' unreasonable performance goal.

**B.    Respondents' Stated Reasons**

a.   Respondents have not provided me with a legitimate, non-discriminatory reason for subjecting me to a hostile work environment. Respondents subjected me to a hostile work environment based on my age and in retaliation for my complaint(s).

b.   Respondents' stated reason for placing me on the August 2015 corrective action was my performance. Respondents' stated reason is a pretext for Respondents' age discrimination.

c.   Respondents' stated reason for placing me on the January 8, 2016 final warning was my performance. Respondents' stated reason is a pretext for Respondents' age discrimination and in retaliation for my complaints.

d.   Respondents have not provided me with a legitimate, non-discriminatory reason for terminating my employment. Respondents terminated my employment based on my age and in retaliation for my complaints.

**Second EEOC Charge of Discrimination**
**Page 5 of 5**
**Joseph Culley v. MSC Industrial Supply Co. et al.**

**C.    Statutes and Basis for Allegations**

Respondents discriminated against me based on my age (61) in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; and the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951 et seq., as set forth herein.

**D.    CLASS CHARGE**

I bring this charge on a class action basis on behalf of all current and former employees and job applicants of Respondents who were over the age of forty (40) and have been subjected to age discrimination by Respondents in connection with hiring, termination of employment, disciplinary actions and/or any other adverse employment actions.

RECEIVED 16 FEB 25 PM 4:10

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Joseph Culley v. MSC Industrial Supply Co.,** *et al.*

EEOC No. ___530-2016-01827___

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

_X_  I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X___  *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

                X    _____ 2-17-2016
                        Signature and Date

_____  I do not want my charge dual filed with PHRC

                        _____
                        Signature and Date

# EXHIBIT C

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Joseph Culley

Glenolden, PA 19036

From:  Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2016-01541** | **Legal Unit,**<br>**Legal Technician** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Spencer H. Lewis, Jr.,
**District Director**

5/22/17

*(Date Mailed)*

cc:  **MSC INDUSTRIAL SUPPLY CO**

Brian C. Farrell, Esq. (for Charging Party)

Steve Armstrong, Senior Vice President, General Counsel &
Corporate Secretary (for Respondent)

# EXHIBIT D

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:  Joseph Culley <br><br> Glenolden, PA 19036 | From:  Atlanta District Office <br> 100 Alabama Street, S.W. <br> Suite 4R30 <br> Atlanta, GA 30303 |

☐  On behalf of person(s) aggrieved whose identity is
   CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-01827 | Sharon Robertson, <br> Investigator | (404) 562-6836 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Bernice Williams-Kimbrough,**
**District Director**

MAY 3 0 2017
*(Date Mailed)*

cc:

| | |
|---|---|
| Donald D. Gamburg <br> Attorney at Law <br> OGLETREE DEAKINS <br> 1735 Market Street, Suite 3000 <br> Philadelphia, PA 19103 | Brian C. Farrell <br> CONSOLE MATTIACCI LAW <br> 1525 Locust Street <br> 9th Floor <br> Philadelphia, PA 19102 |